UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SONYA FIELDS, individually and as
the Personal Representative of the
Estate of Mitchel Avery Fields,
deceased,

        Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.
_____/

Case No. 11-15296

Paul D. Borman
United States District Judge

R. Steven Whalen
United States Magistrate Judge

<u>OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO DEEM THE $6,320.75
AWARD OF PROBATE LEGAL FEES BY THIS COURT ON NOVEMBER 22, 2013,
"OVERDUE" PURSUANT TO MCL § 500.3142(2), AND STATE FARM'S REFUSAL TO
PAY THOSE BENEFITS IN A TIMELY MANNER "UNREASONABLE"
PURSUANT TO MCL 500.3148(1) (ECF NO. 54)</u>

Before the Court is Plaintiff's Motion to Deem the $6,320.75 Award of Probate Legal Fees by This Court on November 22, 2013, "Overdue" Pursuant to MCL § 500.3142(2), and State Farm's Refusal to Pay Those Benefits in a Timely Manner to be "Unreasonable" Pursuant to MCL § 500.3148(1). (ECF No. 54.) Defendant State Farm Mutual Automobile Insurance Company ("State Farm") filed a Response (ECF No. 57) and Plaintiff filed a Reply (ECF No. 58). The Court has reviewed the parties' submissions and has determined that a hearing is not necessary. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court DENIES the motion.

**INTRODUCTION**

State Farm Mutual Auto Insurance Company's ("State Farm") insured in this action, Mitchel

Fields, was catastrophically injured in an automobile accident that occurred on April 10, 2010. State Farm has already paid in excess of $500,000 of reasonably necessary No Fault benefits to or on behalf of Mr. Fields. On May 27, 2013, while the parties' now-resolved motions for summary judgment were pending, Mitchel Fields passed away. His one-time guardian and conservator and now personal representative of his estate, Sonya Fields, his wife, has filed this action to recover certain additional benefits that State Farm allegedly has failed to pay, including attendant care, medical and wage loss benefits.

On November 22, 2013, this Court issued an Opinion and Order Granting in Part and Denying in Part the parties' cross motions for summary judgment. In that Order, the Court concluded that Plaintiff's counsel's attorney's fees incurred in connection with successfully obtaining a continuing guardianship/conservatorship for Mr. Fields in the Oakland County Probate Court ("OCPC") were recoverable by Plaintiff as allowable expenses under the Michigan No Fault Act. (ECF No. 52, Opinion and Order.) The Court awarded Plaintiff $6,320.75 for the probate legal fees, which State Farm has now paid.

Plaintiff now moves the Court for a ruling that these probate legal expenses were "overdue" pursuant to Mich. Comp. Laws § 500.3142(2) and further asks the Court to deem State Farm's initial refusal to pay them "unreasonable" pursuant to Mich. Comp. Laws § 500.3148(1). Such a finding would entitle Plaintiff to charge against State Farm Mr. Lerner's attorney's fees incurred in recovering the $6,320.75. In sum, Plaintiff now seeks to recover the attorneys' fees incurred in successfully recovering the probate legal fees.

## II. ANALYSIS

Plaintiff asks the Court to deem the $6,320.75 award of probate legal fees "overdue" under

Mich. Comp. Laws § 500.3142(2). That section of the Michigan No Fault Act provides in pertinent part:

> Personal protection insurance benefits are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained. If reasonable proof is not supplied as to the entire claim, the amount supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer. Any part of the remainder of the claim that is later supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer.

Pursuant to Mich. Comp. Laws § 500.3148(1), an attorney is entitled to a reasonable fee for representing a client in an action to recover "overdue" No Fault Benefits and, where those recovered benefits are deemed to have been unreasonably withheld, those fees will be charged against the responsible No Fault Insurer. Section 500.3148(1) provides:

> An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment.

The penalty provision is intended to motivate insurers to provide prompt payment to insureds:

> The purpose of the no-fault act's attorney-fee penalty provision is to ensure prompt payment to the insured. Accordingly, an insurer's refusal or delay places a burden on the insurer to justify its refusal or delay. The insurer can meet this burden by showing that the refusal or delay is the product of a legitimate question of statutory construction, constitutional law, or factual uncertainty.

*Ross v. Auto Club Grp.*, 481 Mich. 1, 11 (2008). "The determinative factor in our inquiry is not whether the insurer ultimately is held responsible for benefits, but whether its initial refusal to pay was unreasonable." *Id.*

State Farm's payment of the probate legal expenses must be both "overdue" and

"unreasonably" withheld. State Farm maintains that Plaintiff never provided reasonable proof of Mr. Fields's continuing need for a guardian and that therefore these expenses were never "overdue." State Farm was apparently of the belief that the OCPC Orders appointing Mr. Fields a guardian and conservator were not sufficient "reasonable" proof of the continued necessity for these services. In its prior Opinion and Order, this Court did not address the evidence presented on the underlying question of whether or not Mr. Fields remained in need of the services of a guardian or conservator, despite the fact that State Farm submitted the opinions of three physicians whose opinions allegedly supported State Farm's position that Mr. Fields no longer needed a guardian or conservator, at least as of November, 2011. While these medical opinions were not germane to the Court's prior ruling ordering State Farm to pay Mr. Lerner's attorneys' fees, these opinions do support State Farm's suggestion that it reasonably believed that the legal fees incurred in Mr. Lerner's continued pursuit of guardianship and conservatorship for Mr. Fields may not have been a reasonably allowable expense.[1]

Ultimately, this Court disagreed with State Farm's refusal to pay Mr. Lerner's probate legal fees, concluding that the OCPC, not this Court, would have been the appropriate venue to challenge the need for continued services of a guardian/conservator for Mr. Fields. Based upon the OCPC Orders approving and continuing a guardian and conservator for Mr. Fields, that had never been

---

[1] The Court notes that, at several points in its briefing, Plaintiff misstates and overstates the Court's prior ruling as to the significance of the medical opinion evidence. The Court deferred to the OCPC Orders issued by Judge Hallmark and thus found it unnecessary to evaluate the medical evidence, which it concluded had no probative significance to the Court's decision to defer to Judge Hallmark. The Court did not opine to any degree on the substantive validity (or lack thereof) of the medical opinion evidence offered by State Farm. The Court did not broadly conclude, as Plaintiff states, that State Farm possessed "no evidence" to support its refusal to pay or "that State Farm had no justification" for its refusal to pay the contested probate legal fees. (Pl.'s Mot. 14.) These mischaracterizations of the Court's ruling do little to advance Plaintiff's position.

4

challenged by State Farm, this Court concluded that Mr. Lerner's fees in obtaining those Orders were recoverable as allowable expenses. The Court did not address the underlying factual dispute regarding the validity of the medical opinion testimony. Until this Court ordered State Farm to pay these benefits, however, State Farm remained of the opinion that Plaintiff had not submitted reasonable proof that they were reasonably necessary. State Farm argues, therefore, that the payments were not "overdue" under § 500.3142.

As noted above, even if the Court concluded that the payments were overdue, in order approve an award of attorneys' fees under § 500.3148(1), the Court must conclude that State Farm's delay in paying the probate legal fees was not the product of a legitimate question of statutory construction, constitutional law or factual uncertainty:

> An insurer's delay in making payments under the no-fault act is not unreasonable if it is based on a legitimate question of statutory construction, constitutional law, or factual uncertainty. Whether attorney fees are warranted under the no-fault act depends not on whether coverage is ultimately determined to exist, but on whether the insurer's initial refusal to pay was unreasonable. If an insurer refuses to pay or delays paying no-fault benefits, the insurer must meet the burden of showing that the refusal or delay is the product of a legitimate question of statutory construction, constitutional law, or factual uncertainty.

*University Rehabilitation Alliance, Inc. v. Farm Bureau Gen'l Ins. Co. of Michigan*, 279 Mich. App. 691, 694 (2008) (internal citations omitted). "For attorney fees to be charged against an insurer, the insurer must have acted unreasonably in withholding payment. A delay in payment is not unreasonable where it is the product of a bona fide factual uncertainty." *Auto-Owners Ins. Co. v. Farm Bureau Ins. Grp.*, 182 Mich. App. 703, 705 (1990) (internal citations omitted). *See, e.g. Attard v. Citizens Ins. Co. of America*, 237 Mich. App. 311, 317-18 (1999) (finding that trial court did not commit clear error in concluding that insurer did not unreasonably refuse or delay payments where

a legitimate factual dispute existed concerning the extent of claimed attendant care services).

Here the refusal to pay Mr. Lerner's fees resulted from (1) a bona fide factual dispute over whether or not Mr. Fields continued to need the services of a guardian/conservator after November, 2011 and (2) apparent legal uncertainty regarding whether the OCPC Orders were sufficient proof, standing alone, of the reasonable necessity for those continued services. It is undisputed that State Farm had received medical opinions (whether valid or not) to support its contention (whether valid or not) that Mr. Fields was no longer in need of the guardian and conservator services that Mr. Lerner was incurring fees to obtain for him. Ms. Irelan, in concluding that Mr. Lerner's fees were not supported as reasonably necessary, relied in part upon neuropsychological examinations of Mr. Fields that occurred in August, 2010, and September and October, 2011. (Def.'s Reply Ex. M, Irelan Dep. at 82.) Because Ms. Irelan was out due to back surgery, she did not act on this information until almost a year after these reports were generated. *Id.* at 82-83. When she became aware of these medical opinions indicating in State Farm's opinion no need for a guardian, State Farm began to question Mr. Lerner's continued probate legal fees incurred in connection with obtaining those services. (Def.'s Reply Ex. L.) In part because Ms. Irelan waited so long to object these fees, Plaintiff continued to incur them. There is no indication or suggestion, however, that this delay was intentional on State Farm's part.

In deferring to Judge Hallmark's Orders, and concluding that State Farm should have challenged the reasonable necessity of these charges in the OCPC in the first instance, this Court did not delve into the factual foray regarding the reasonableness of State Farm's position that guardian/conservator services were no longer necessary for Mr. Fields. The Court concludes, however, that there was a bona fide factual dispute regarding the continuing need for

6

guardianship/conservatorship services for Mr. Fields and legal uncertainty regarding the documentation necessary to support the continuing need for those expenses. Therefore, the Court concludes that State Farm did not unreasonably withhold payments for Mr. Lerner's post-November 28, 2011 probate legal fees, which were incurred in securing continued guardianship/conservatorship services for Mr. Fields. Although this Court concluded that State Farm's best course would have been to address that dispute through a timely challenge in the Oakland County Probate Court to the OCPC Orders, State Farm disagreed and informed the Court at oral argument on the parties' cross motions for summary judgment that it believed the dispute was best decided by this Court in this action. That State Farm believed that it should mount that legal challenge in this Court does not make its initial decision to withhold payment based upon a bona fide factual dispute over necessity unreasonable.

In this case, State Farm has promptly and without question paid in excess of $500,000 in No Fault benefits to or on behalf of Mr. Fields, who was injured in an accident on April 10, 2010. At some point, State Farm began to question, based on certain medical opinions it had obtained, whether Mr. Fields remained in need of the services of a guardian and conservator after November, 2011. On November 9, 2012, State Farm requested documentation to support Mr. Lerner's probate legal fees incurred in continuing to secure those services for Mr. Fields as reasonably necessary expenses based upon their suspicion that Mr. Fields was no longer in need of a guardianship/conservatorship at least as of November, 2011. Although this Court was not prepared to override the OCPC Orders of Judge Hallmark and to address the factual dispute over the need for a guardian/conservator, and thus ordered State Farm to pay the probate fees, this Court's ruling cannot be construed as a finding that State Farm acted unreasonably, or without legitimate factual

7

basis, in challenging Mr. Lerner's fees and initially refusing to pay the fees as reasonably necessary expenses. Plaintiff has provided no authority that would indicate that the law at the time categorically precluded such a challenge, even in the face of OCPC Orders that continued the guardianship/conservatorship. Accordingly, the Court concludes that, even if the expenses were determined to be overdue, State Farm did not unreasonably refuse to pay Mr. Lerner's probate legal fees post November, 2011.

### III.   CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion.

IT IS SO ORDERED.

Paul D. Borman
United States District Judge

Dated:   MAR 1 1 2014